IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:19-00194

PAMELA GAIL ADKINS

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's letter form motion for compassionate release due to the COVID-19 pandemic. (ECF No. 24.) Defendant maintains that she suffers from hypertension and chronic respiratory infections, has a BMI greater than 30%, and has smoked for 21 years. See id.

On September 9, 2019, Adkins pled guilty to a one-count information charging her with distribution of a mixture containing methamphetamine and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). On January 14, 2020, Adkins was sentenced to a term of imprisonment of 14 months to be followed by a term of supervised release of three years. On February 14, 2020, defendant reported to FPC Alderson in Alderson, West Virginia, to begin serving her sentence. She is currently housed at FPC Alderson and, according to the Bureau of Prisons' website, her current projected release date is February 26, 2021.

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction"

and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The First Step Act empowers criminal defendants to request that courts grant them compassionate release pursuant to 18 U.S.C § 3582(c).  But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond.  See id. § 3582(c)(1)(A).  Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment."  Id. § 3582(c)(1)(A)(I).  Defendant does not maintain or offer documents to indicate that she has complied with the prerequisite for seeking compassionate relief in this court, i.e., that she submitted a request for compassionate relief to the BOP.

Though some district courts have waived Section 3582's exhaustion requirement because of the COVID-19 pandemic,[1] the

---

[1] See, e.g., United States v. Paul Gileno, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020) (finding that the exhaustion requirement should be waived as undue delay in defendant's release could result in catastrophic health consequences for him in light of his underlying health conditions and the COVID-19 pandemic); United States v. Jones, Criminal No. 3:11-cr-249-MHL, ECF No. 47 (E.D. Va. Apr. 3, 2020) (finding that the defendant's "unique circumstances and the exigency of a rapidly advancing pandemic" justified waiver of the exhaustion requirement); United States v. Perez, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (finding that the defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [Metropolitan Correctional Center], justifies waiver of the exhaustion

majority of district courts — albeit some with little to no discussion — have found that failure to exhaust administrative remedies is a death knell to a defendant's request for compassionate release.[2]

In addition, the United States Courts of Appeals for the Sixth and Third Circuits have considered the issue of exhaustion under the compassionate release statute and have concluded it is mandatory. See United States v. Alam, __ F.3d __, 2020 WL 2845694 (6th Cir. June 2, 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In Alam, the Sixth Circuit found that inmates are required to exhaust administrative remedies before filing a motion for compassionate release. 2020 WL 2845694, at

---

requirement," because the defendant had "less than three weeks remaining on his sentence" and suffered "severe side effects" from two surgeries); United States v. Calvin, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (finding that "all three exceptions to the exhaustion requirement apply to Defendant's request").

[2] See, e.g., United States v. Wright, 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020); United States v. Feiling, 2020 WL 1821457, at *5 (E.D. Va. Apr. 10, 2020); United States v. Underwood, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020); United States v. Sundblad, 2020 WL 1686237, at *2 (D.S.C. Apr. 7, 2020); United States v. Carver, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); United States v. Clark, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Williams, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); United States v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); United States v. Zywotko, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v. Hernandez, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); United States v. Cohen, 2020 WL 1428778. at *1 (S.D.N.Y. Mar. 24, 2020).

\*5 (dismissing a compassionate release claim without prejudice due to failure to exhaust administrative remedies); see also id. at \*2 ("this exhaustion requirement . . . remains a mandatory condition").

The Third Circuit in Raia did not discuss in-depth the potential exceptions to administrative exhaustion. See Raia, 954 F.3d at 597. But the court denied the defendant's motion to reduce his sentence outright, holding that any remand would be futile because of the defendant's failure to comply with Section 3582's exhaustion requirement. See id. The Third Circuit described the exhaustion requirement as a "glaring roadblock foreclosing compassionate release" to a defendant who failed to exhaust his or her administrative remedies. Id.

This court finds particularly persuasive the reasoning contained in United States v. Thompson, 2020 WL 2121371 (S.D.W. Va. May 5, 2020) (Goodwin, J.). There, the court denied a defendant's motion for compassionate release due to his failure to exhaust administrative remedies because the BOP, and not courts, have "more expertise and resources" to make such release determinations. Id. at \*4. This court agrees that removing the BOP's expertise is unwise, and also would fly in the face of the

statutory design that provides the mechanism for compassionate release.

Section 3582 contemplates the potentially urgent nature of compassionate release decisions. See 18 U.S.C. § 3582(c)(1)(A). Unlike many other statutory exhaustion provisions that require exhaustion of all administrative remedies before a claim can be brought in court, "Section 3582 provides an alternative." Wright, 2020 WL 1922371, at *2; see also United States v. Underwood, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020). The statute requires "exhaustion of all administrative rights or the lapse of 30 days from the warden's receipt of the inmate's request for compassionate release, whichever is earlier." See id. (citing 18 U.S.C. § 3582(c)(1)(A)). "This alternative suggests that the Congress recognized that even if compassionate release requests cannot always await the full administrative process to be completed, the BOP should have at least 30 days to act on such a request." Id.

Moreover, the exhaustion requirement indicates that the Congress intended BOP to play a meaningful role in the compassionate release process. See Raia, 954 F.3d at 597. The agency's expertise and access to necessary information about defendants makes it uniquely situated to handle compassionate

5

release decisions. "The court may of course review those judgments, but the Congress expressed its clear intent that such review would come second, with the benefit of the BOP's initial assessment." Wright, 2020 WL 1922371, at *2.

Defendant has not established that she has exhausted her administrative remedies or that thirty days have lapsed from the warden's receipt of defendant's request for compassionate release. Thus, defendant's motion for compassionate release is **DENIED without prejudice**. The court does not address whether defendant would satisfy the "extraordinary and compelling reasons" necessary to warrant a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).

The Clerk is directed to send a copy of this Order to defendant, counsel of record, and the Probation Office of this court.

It is SO ORDERED this 18th day of August, 2020.

ENTER:

David A. Faber
Senior United States District Judge